DIECKERHOFF et al. v. ALDER et al.

(Supreme Court, Appellate Division, First Department.   June 5, 1896.)

PAYMENT BY MISTAKE—RECOVERY—EVIDENCE—SUFFICIENCY.

In an action for money paid by mistake for an invoice of goods delivered in August, already paid for, it appeared that plaintiffs, on discovering the mistake, requested defendants to hold it, to apply on "future" invoices; that business relations were subsequently ended, and that up to that time the only invoices received were on an order given the preceding April, one invoice of which was received and paid for in August. Plaintiffs' agent testified that in giving the order he required August delivery, stating that later the goods would not be of any use, and the written contract called for August delivery. Early in September plaintiffs notified defendants' agent, from whom they were ordered, to cancel the balance, as it was too late in the season to use the goods; and on November 15th wrote defendants to that effect, after invoices thereof, shipped on and after September 13th, had been received at the customhouse, informing them also that the goods were in bond, as their agent refused to act, and asked what to do with them. In December, by agreement, the goods were taken from the customhouse by plaintiffs' agent on defendants' order, and reshipped to defendants. One of the defendants testified that their agent wrote him September 30th, notifying him of plaintiffs' refusal to accept the balance of the order. Due demand for a return of the money was proven. *Held*, that a verdict for plaintiffs was proper.

Appeal from trial term, New York county.

Action by Emil Dieckerhoff and others against Otto Alder and another for money paid by mistake to defendants for goods already paid for. From a judgment entered on a verdict in favor of plaintiffs, and from an order denying a motion to amend the answer, defendants appeal.   Affirmed.

For decision of the court of common pleas, in which the action was originally brought, rendered on a former appeal, see 33 N. Y. Supp. 698.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Thomas P. Wickes, for appellants.

George C. Comstock, for respondents.

INGRAHAM, J.   We think, upon the cause of action alleged in the complaint, that plaintiffs' right to recover depended upon their having paid to the defendants by mistake a sum of money which the defendants were not entitled to retain.   It was proved that after the payment the plaintiffs had requested the defendants to retain the money to apply upon future invoices, and then the jury found upon evidence sufficient to sustain the verdict that business between the parties had come to an end, and that there were no future invoices upon which this sum of money in the defendants' hands could become applicable.   Upon these facts it is clear that the cause of action arose because of the receipt and detention by defendants of a sum of money which belonged to plaintiffs, and which the defendants were not entitled to retain.   The sole question, we think, which was presented upon the trial, was whether or not, under the agreement between the parties, there were any later

invoices of shipments by defendants to plaintiffs, to the credit of which this sum of money, which had concededly been paid by mistake, could be applied.    We think that there was proof of a demand, and also that, from the facts of the case and the position taken by the defendants, the demand was waived.    Having proved the condition under which the moneys paid by plaintiffs to defendants were paid, the plaintiffs proceeded to show that after the mistake had been discovered they had requested the defendants to place the amount of the payment by mistake to the credit of plaintiffs against later invoices.    It then became material for plaintiffs to show that there were no later invoices which showed a balance in favor of the plaintiffs upon which the amount could be credited, and that plaintiffs proceeded to do.

It is not at all material now to determine any question as to the correctness of the order of proof adopted at the trial.    If this one issue, which was material, was correctly submitted to the jury, and if their verdict was based upon competent and sufficient evidence, that verdict should not be disturbed.    The only invoices to which, under the proof in this case, this overshipment could be applied, were invoices under an order given in April, which expressly provided that the delivery should be in August.    Douglas, the plaintiffs' agent, was asked, "What, if anything, was said in that conversation [when the order was given] as to why you wanted the goods delivered in August?"    To that Douglas answered, "Because I require them for the fall trade, and later than that they would not be of any use."    Here was a direct statement of notice given by the plaintiffs to the defendants that goods then ordered must be delivered in August, as later "they would not be of any use," followed by an express provision of the contract that the goods should be delivered in August; and subsequently, when the defendants sent to the plaintiffs' representative a copy of this contract, it again contained the statement, "Delivery in August."    A part of the goods were delivered and paid for prior to August, and subsequently goods were shipped on September 13th, 19th, and October 3d.    Upon arrival they were placed in a bonded warehouse in New York, and on November 15th the plaintiffs wrote the defendants a letter, in which, referring to these invoices, they say that, according to the copy of the order, delivery was to be completed in August, and the goods delivered in August had been accepted and paid for, "but early in September the writer notified your New York representative, to whom the order was given, that the balance must be canceled, being too late for the season's business. * * * The goods are in bond, and, as your New York house refuse to act in the matter, kindly advise us what disposition you wish made of these goods, and oblige."    No answer seems to have been written to this communication, but suosequently—the 1st or 2d of December—there was an interview between the representatives of the respective parties, at which the defendants' representative contended that a delivery in October was equal to a delivery in August.    To that the plaintiffs' representative disagreed, and subsequently it was agreed that the plaintiffs' shipping clerk should

reship the goods from the bonded warehouse to Genoa, to be sent to the defendants at St. Gall. The goods, which had been taken out of the customhouse, and for which the defendants had given a receipt, were to be sent back to the defendants' New York office. It appeared that the invoice of September 13th arrived in New York about September 28th, the invoice of September 19th about October 4th, and the invoice of October 3d about October 16th or 18th. Witnesses for the defendants gave testimony contradicting the plaintiffs' statement as to the notice in September that the goods would not be received, as they were too late; but one of the defendants testified that his New York agent 'wrote him on September 30, 1892, about the refusal of the plaintiffs to accept the goods shipped in September and October. Upon this evidence there was clearly a question of fact for the jury whether or not the plaintiffs had refused to receive the goods on the ground that they were too late, and whether, upon their refusal, the goods had been returned to the defendants. That question was submitted to the jury under a charge which, we think, fairly presented the question, and their verdict should not be interfered with.

There were many requests to charge and exceptions to the charge, but we do not think that any of them require notice, or require us to reverse the judgment. There were also many objections and exceptions to rulings upon the evidence, but none of them is of importance, or requires notice. We think, upon the whole case, that the plaintiffs have made out a fair case, and that the verdict of the jury was sustained by the evidence.

On the appeal from the order refusing to allow an amendment to the answer, we do not think that we should interfere with the discretion of the special term. There is nothing to show that the defendants had lost any substantial right by this refusal to allow them to allege that the court in which the action was originally brought was without jurisdiction. Before the action was finally tried, that court had become consolidated with the supreme court, which clearly had jurisdiction. The action was tried in the supreme court, and we think all the rights of the defendants have been fully protected.

We think, therefore, that the judgment appealed from should be affirmed, with costs, and the order appealed from should be affirmed, with $10 costs and disbursements. All concur.